## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| **HOPE JACKSON,** | ) | **CASE NO. 5:21-CV-02409** |
| | ) | |
| **Plaintiff,** | ) | **SENIOR JUDGE** |
| | ) | **CHRISTOPHER A. BOYKO** |
| **vs.** | ) | |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **ACTING COMMISSIONER OF** | ) | **OPINION AND ORDER** |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

This matter is before the Court on the joint stipulation of the parties for an award of attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,850.00 (Doc. 19).  The Court construes the parties' stipulation as a joint motion requesting that the Court award plaintiff EAJA attorney fees in the amount of $4,850.00.

For the reasons that follow, the parties' joint motion for an award of attorney fees in the amount of $4,850.00 is **DENIED**.

### BACKGROUND FACTS

Plaintiff filed a Complaint seeking review of the Commissioner's decision denying benefits.  (Doc. No. 1.) On November 18, 2022, the Court issued an order vacating the Commissioner's decision and remanding the case to the Commissioner for further proceedings. (Doc. 18.)

### LAW & ANALYSIS

The EAJA requires the government to pay a prevailing social security plaintiff's reasonable attorney fees and costs "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart,* 376 F.3d 551, 553-54 (6th Cir. 2004).  First, there is no dispute that plaintiff is the "prevailing party" under the EAJA.  *Shalala v. Schaefer,* 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L. Ed. 2d 239 (1993) (finding the "prevailing party" status is met within the meaning of the statute when plaintiff secures a remand order).  In the joint motion, the parties do not argue that the Commissioner's position was substantially justified and the Court is not aware of any evidence in the record to the contrary or any special circumstances that would make an award unjust.  Accordingly, Plainitff is eligible for EAJA fees.

Although Defendant does not object to the amount of fees, the Court must still examine the amount for reasonableness.  28 U.S.C. § 2412(d)(2)(A) ("fees and other expenses" includes, inter alia, "reasonable attorney fees").  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart,* 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983).  A reasonable fee does not include hours that are "excessive, redundant, or otherwise unnecessary."  Id. at 434.  Courts also consider the relationship between the fees requested by the prevailing party and the results obtained.  Id.  "[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *Hensley*, 461 U.S. at 438.  "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 433.

The parties have stipulated that the requested amount of $4,850.00 "represents a compromise of disputed positions and is not intended to set a precedent for any specific hourly

rate." (Doc. 19.)  However, the parties' motion is devoid of any argument or supporting documents from which the Court can make an independent evaluation of the reasonableness of the parties' $4,850.00 compromise.  It is impossible for the Court to determine whether the $4,850.00 compromise includes excessive, redundant, or otherwise unnecessary time.  Based on the current posture of the motion, the Court cannot discharge its duty to determine the reasonableness of the fee award.

The Joint Motion for an award of attorney fees is **DENIED** without prejudice for lack of supporting documentation and discussion as to the reasonableness of the fees sought.  The Court will consider a properly supported subsequent motion.

**IT IS SO ORDERED.**

/s  Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: January 12, 2023**

3